LOWE v. The INCONIUM. See Case No. 6,995.

LOWE (LETTY v.). See Case No. 8,285.

## Case No. 8,566.

LOWE v. McCLERY.

[3 Cranch, C. C. 254.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

EVIDENCE—PAYMENT—CANCELLED CHECK—REBUTTING TESTIMONY.

A check drawn by the defendant in favor of the plaintiff, or bearer, with the bank's cancelling mark upon it, and produced by the defendant, is not evidence of money paid to the plaintiff, although it appear by the plaintiff's evidence, that when payment was demanded, the defendant said he had paid it by such a check, and although he produces his own check-book, with a memorandum corresponding with the check, with the additional words "for rent."

Assumpsit for use and occupation. Upon the trial it appeared by the plaintiff's examination of his witness, that when demand of the rent was made, the defendant [James McClery] said he had paid it by a check on the Office of Discount and Deposit, on the 9th of August.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key, for the defendant, offered in evidence such a check on the Office of Discount and Deposit with the bank's cancelling mark upon it, payable to the plaintiff [Lloyd M. Lowe] or bearer, and the defendant's own check-book, with a margin corresponding with the check in amount, name, and date, and the words "on account of rent."

Mr. Key contended that the circumstance that the plaintiff's witness had testified that the defendant said he had paid the rent by such a check would justify the admission of the check in evidence.

But THE COURT (MORSELL, Circuit Judge, contra) refused to admit the check in evidence.

MORSELL, Circuit Judge, was of opinion that it might be given in evidence to corroborate the defendant's declaration, and to rebut the presumption which might arise from the defendant's not producing the check.

Verdict for plaintiff $57.15. Motion for new trial overruled.